**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| EMERGENCY EQUIPMENT AND REPAIR, L.L.C., ) ) ) Plaintiff, ) vs. ) METROPOLITAN AMBULANCE ) SERVICES TRUST, et al., ) Defendants. ) | Case No. 07-0012-CV-W-FJG |

**ORDER**

Pending before the Court is plaintiff's request to remand (Doc. No. 6).

The pending case was removed to federal court on January 5, 2007. In their notice of removal (Doc. No. 1), defendants state that plaintiff's First Amended Petition for Damages, filed on December 8, 2006, alleges federal claims not included in the original petition filed in Jackson County Circuit Court in April 2005. Defendant states in particular that Count V of plaintiff's First Amended Petition, entitled "Governmental Taking," alleges that defendants have taken plaintiff's property "without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 . . . ." Additionally, defendants note that plaintiff's First Amended Petition seeks attorneys' fees pursuant to 42 U.S.C. § 1988. Therefore, defendants argue that plaintiff's claims arise under the laws of the United States, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

On January 18, 2007, plaintiff filed its request to remand (Doc. No. 6) and suggestions in support (Doc. No. 7), indicating that Count V of plaintiff's initial Petition (filed on April 1, 2005, with an acceptance of service filed by defendants on November 14, 2005) alleged violations of the Fifth Amendment of the United States Constitution, as well as 42 U.S.C. § 1983. See Doc. No. 7, Ex. 1, ¶ 40. Plaintiff states that the First Amended Petition

only adds the violation of the Fourteenth Amendment (which makes the Fifth Amendment applicable to the States). Further, plaintiff asserts that the First Amended Petition merely corrects a typographical error with respect to attorney's fees by citing to § 1988; the original petition references 42 U.S.C. § 1987. See Doc. No. 7, Ex. 1, p. 11. Defendants did not seek to remove plaintiff's original Petition, and plaintiff argues that the time for removing the original Petition expired over a year ago. See 28 U.S.C. § 1446(b) (providing "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").[1] Plaintiff asserts that no new federal claim was added in the First Amended Complaint, and therefore no new basis for removal existed at the time of defendants' removal of this case on January 5, 2007.

Defendants oppose plaintiff's motion to remand, stating that as pled in plaintiff's original petition, plaintiff's Count V was a state law "Inverse Condemnation" claim, and plaintiff did not "properly invoke federal law until it filed a new Count V for an alleged 'Governmental Taking.'" Defendants claim that they had no obligation to attempt to remove this case within 30 days of acceptance of service of the original petition, as plaintiff should have alleged the exhaustion or inadequacy of state post-deprivation remedies before alleging a federal takings claim, and the original petition did neither.[2] Defendants state,

---

[1]Only if the case is one that was not previously removable will the thirty-day supplementary period for filing a notice of removal apply (as set out in the second paragraph of Section 1446(b)).

[2]Notably, the cases cited by defendants for this proposition were originally brought in federal court, and upon a motion to dismiss or other similar examination of jurisdiction, the various courts found that plaintiffs had inadequately pled a violation of federal law. See Cormack v. Settle-Beshears, 474 F.3d 528, 531 (8th Cir. 2007) (affirming the district court's dismissal of plaintiff's takings claim originally brought in federal court); Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172, 194 (1985) (finding plaintiff's takings claim filed originally in

2

however, that plaintiff's mention of the Fourteenth Amendment of the United States Constitution in the First Amended Petition converted plaintiff's purported inadequately pled federal takings claim in the original Petition into a viable federal takings claim, as once the Fourteenth Amendment was invoked, plaintiff had now pled "a lack of due process in Missouri's takings remedy and [alleged] a potentially viable federal takings claim for the first time." Defendants further state that "[v]iolation of a federal statute pleaded as part of a state cause of action, when there is no private federal cause of action for the violation, 'does not state a claim "arising under" [federal law or constitution] within the meaning of 28 U.S.C. § 1331.'" Doc. No. 13, p. 5, citing Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 817 (1986) and McNeill v. Franke, 171 F.3d 561, 564 (8th Cir. 1999). Defendants conclude by arguing that until plaintiff added the words "and Fourteenth Amendment" to its First Amended Petition, plaintiff's reference to federal law in its original Petition remained superfluous, as plaintiff had not implicated the insufficiency of Missouri's post-deprivation remedy.

Contrary to defendants' assertions, plaintiff adequately pled a federal cause of action in its original Petition, making defendants' notice of removal due in December 2005, at the latest. Paragraph 40 of plaintiff's original petition states, "By breaching Plaintiff EER's contract to remount ambulances, taking all of Plaintiff EER's machinery, equipment and inventory, and hiring all of Plaintiff EER's employees, Defendants have taken Plaintiff EER's business and property without due process in violation of the Fifth Amendment of the United States Constitution and 42 U.S.C.A. § 1983 and in violation of the Constitution and public policy of the State of Missouri." In plaintiff's prayer for relief in the original petition, plaintiff requests "attorney's fees pursuant to the provisions of 42 U.S.C.A. § 1987." See Doc. No. 7, Ex. 1, p. 11. Clearly, plaintiff pled violations of the Fifth

---

federal court not ripe until plaintiff had sought compensation through state procedures).

Amendment of the Constitution in plaintiff's original petition, thereby invoking plaintiff's due process rights.[3] The Court does not believe that the addition of the words "and Fourteenth Amendment" magically converts plaintiff's claim from non-removable to removable, as asserted by defendants. Further, plaintiff did not invoke the Fifth Amendment as a "violation of a federal statute pleaded as a part of the state cause of action," as suggested by defendant; instead, plaintiff pleaded a Fifth Amendment takings violation as a separate ground for relief.

Accordingly, as the thirty day time limit of 28 U.S.C. § 1441(b) began to run in November 2005 (the date of defendants' acceptance of service), the time for removal of this action expired long ago. Plaintiff's request to remand (Doc. No. 6) is GRANTED. This case is REMANDED to the Circuit Court of Jackson County, Missouri, at Independence. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri as required by 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

/S/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: April 9, 2007
Kansas City, Missouri

---

[3] See also Scott v. Greiner, 858 F.Supp. 607, 610 (S.D. W.Va. 1994)(finding that where the federal question was openly expressed on the face of the complaint the action becomes immediately removable, regardless of the vagueness of the allegations; the appropriate remedy in such a circumstance is to remove the case to federal court and file a motion for more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure).

4